JAMES J. LAWSON AND AMI LAWSON, Plaintiffs in Error, *v.*
EDWARD GUDGEL, Defendant in Error.

1. *Bills and notes — Payment of one note by another—Satisfaction and accord
—Possession.*—A. was owner of a note made by B., deceased. The wife of
A. was one of the heirs of B. The remaining heirs executed to A. their
joint note for the amount named in that of B., less the proportion due from
the wife of A. In a suit against the surety of B. on the note, *held,* that a
receipt by A. of the note given by the heirs, unconditionally, and in full
payment of the note of B., and a delivery of the latter to a surety of B. as
paid, was a payment and satisfaction of the same; and that possession of the
note by the surety after maturity was *prima facie* evidence of its payment.

### Error to Fifth District Court.

*Dixon, Collier & Broaddus*, for plaintiffs in error, cited
2 Greene, Iowa, 553 ; 20 Wis. 98 ; 19 Wend. 409 ; 6 Johns. 37;
5 East, 294 ; 3 Monr. 303 ; 10 U. S. Dig. 7, § 7 ; 11 U. S. Dig.
7, § 2 ; 20 Cow. 559 ; 20 Johns. 77 ; 8 Johns. 389 ; 15 Johns.
247 ; 8 Cow. 78 ; 19 Johns. 295 ; 5 Hill, 450 ; 17 Johns. 169 ;
28 Ind. 97 ; 1 Ind. 310 ; 5 Black, 71 ; 4 Greene, 544 ; 27
Maine, 370 ; 26 Maine, 88 ; 2 Metc. 285 ; 9 Cush. 150 ; Chit.
on Bills, 524 ; 15 Johns. 248 ; 1 Hill, 516.

*Hall & Oliver*, for defendant in error, cited Edw. on Bills
and Prom. Notes, 2d ed., 546 ; Boyd v. Hitchcock, 20 N. Y. 76 ;
Sheely v. Mandeville, etc., 6 Cranch, 253 ; Appleton v. Kennon,
19 Mo. 640 ; Sto. on Prom. Notes, § 404 ; St. John v. Purdy,
1 Sandf. 9 ; Willard v. German, 1 Sandf. 50 ; Southwick v.
Sax, 9 Wend. 122 ; New York State Bank v. Fletcher, 5 Wend.
85–7 ; Arnold v. Camp, 12 Johns. 409 ; Frisby v. Larned, 21
Wend. 450 ; Cole v. Sackett, 1 Hill, 516.

BLISS, Judge, delivered the opinion of the court.

The plaintiffs brought suit upon a promissory note executed to
them by defendant and one John T. Gudgel, deceased, and allege
that the note is in the hands of defendant, but is unpaid. The
defendant answers that he was surety upon the instrument for
said John T. Gudgel ; that it became the sole property of James

J. Lawson, one of the payees, whose wife was one of the heirs of said John T. Gudgel; and that it was paid and satisfied in the following manner: the said heirs had, without administration, divided the estate of said John T. Gudgel among themselves, and, that they might not be compelled to pay back to an administrator the amount so divided, agreed to pay said note, and accordingly executed to said James J. Lawson their joint note for the full amount due upon the note in suit, less the proportion to be paid by the wife of said James J. Lawson, which joint note the said James J. Lawson received in full satisfaction of the note in suit, and directed his agent, who had it in possession, to deliver it up to defendant, which was done. The plaintiff denied these allegations, and a verdict was obtained and a judgment rendered for defendant, which was affirmed in the District Court. Upon the trial, the court gave a large number of instructions to the jury, embodying the same questions in different forms; but the points embodied in them were substantially as follows: The court held, first, that a receipt by the plaintiffs of a promissory note executed by the heirs of John T. Gudgel, unconditionally, and in full payment of the note in suit, and a delivery of the latter note, by order of the plaintiffs, to the defendant, as paid, was a payment and satisfaction of the same. Second, that the possession of the note by the maker was *prima facie* evidence of its payment. It seems to us there can be no doubt whatever as to the correctness of these positions. The plaintiffs make many objections to them, in their applications to the case, among which are, first, that the answer does not show a good accord and satisfaction, because the defendant was not a party to it. This is a strange objection when we consider that it does show that the defendant was but a surety upon the instrument, and that the adjustment was made, as it should have been made, by the heirs of the principal, who, by appropriating the property of the estate, were under obligation so far to provide for its debts. Second and third, the plaintiffs object to the instructions because there was no consideration for securing the new note, and it was for a less amount than the one in suit. I do not know that I fully understand what the plaintiffs meant by

consideration; but if they mean that the new note was without consideration, and therefore a *nude pact*, they are clearly in error; for, as we have seen, its makers performed but a plain duty in providing for the debts of the ancestor out of funds received from him; and if the creditor chose to waive the ordinary process to compel them to refund and take a promissory note, no one has a right to complain, and the obligation is clearly valid.    And as to the amount of the note so taken, the answer and evidence show that it was for precisely the true amount, a deduction only being made of the proportion which the holder of the note was under obligation to pay.    Fourth, the plaintiffs also object to the instruction that the possession of the note by its maker was *prima facie* evidence of its payment.    If a promissory note were found, after due, in the hands of the maker, the natural inference would be that he had paid it.    It was his duty to pay it when due; and it was not reasonable to suppose that the holder would surrender it until it was satisfied. (2 Greenl. Ev., § 527.)   There was no error in this instruction, notwithstanding the answer; for if it came into the maker's hands improperly, it was the duty of the plaintiff to show it. Fifth, the real defense seems to have been that the note given by the heirs of Gudgel in satisfaction of the one in suit, was made and delivered upon a condition which has not been performed. But all the questions relating to this alleged condition were fairly submitted to the jury, and decided against the plaintiffs.   Sixth, the plaintiff asked the court to give an instruction, which was refused, but was modified, and given as modified; and to this refusal and modification exception was taken.   But the record fails to show how the instruction was modified, and we are unable to decide whether it would have been correct to give it as desired by the plaintiff.

From a careful examination of the record, and the suggestions of counsel, it seems to us that the case was fairly tried, and that the judgment was correct.   The other judges concurring, it will therefore be affirmed.